First California Bank, in their first appellate brief, admitted and confessed to each act that First California Bank did, just as alleged in the complaint, and questioned no material facts, relying instead entirely on the law for their defense. They allege, 1, that the complaint did not state a cause of action under Section 1983, 2, that they owed Mr. Keenan no duty, and 3, that they had immunity under California state law, and 4, Tax Injunction Act-prevented jurisdiction. The court on remand explained in great detail on the facts admitted by First California Bank in this court's memorandum exactly what the correct law was, ruling as follows. The district court erred in dismissing the complaint with regard to Keenan's Section 1983 claims because he sufficiently alleged that First California Bank deprived him of his rights under 42 United States Code, Section 407A, and acted under color of state law, surrendering Social Security funds. Kelsey, did you state your name for the record? I'm sorry? Did you state your name for the record? Yes, Don Chadwick. Oh, there you go. What happened, you stated it when you were back there, and it might not have been picked up by the mic, but now it has been. Okay. Okay. Let me go back here. The court's ruling specifically stated the district court erred in dismissing the complaint with regard to Keenan's Section 1983 claims because he sufficiently alleged that First California Bank deprived him of his rights under 42 U.S.C. Section 407A, and acted under color of state law. Counsel, may I stop you right there? I'm sorry? I have a question as to whether or not this was actually state law. I realize that there was a previous ruling on that matter, but that was by a screening panel. So we're sitting here as a merits panel, and we can revisit that issue. So I wanted to ask you a little bit about why this was really state action. Why it was state action? Yes. All right. You want to know the grounds that it was stated? First of all, they admitted every opinion that was in the complaint was true by their confession of the facts that they alleged. Did they admit that they were state actors? Did the bank admit that it was a state actor? State action? They said it was under color of state law. That's what the ruling was, but did the bank admit to being a state actor? They didn't admit to being a state actor. Did not? They didn't admit to being a state actor. So I'm asking you, what in the record shows that the bank was a state actor? First of all, they admitted in their actions that confirmed that they did knowingly do the acts that they said. They admitted that they did it willfully. They did it when jointly engaged in responding to the order to withhold in spite of the warning of possible liability. They admitted actions that confirmed that they acted in concert with the state in the submitting the funds. They admitted that and confirmed that they participated in the levy process by transferring the Social Security funds. And they admitted that they were under coercion of the state in doing so. And that is state action. Well, let me ask you this. I mean, I understand everything you said and that you're accurately describing what was in the complaint. And I think more or less accurately describing what then shows up on summary judgment. So take it as a given then that the California Franchise Tax Board directs the bank to remit the funds to the franchise. Take it as a given that the California Franchise Tax Board directs the bank to transfer the funds to the Franchise Tax Board. So the bank is acting at the direction of the state. I'm not sure that that by itself means that the bank is engaging in something that's under color of state law when all the bank is doing is simply obeying the direction by the state. What case law do we have that tells us whether or not when a bank or private entity acts simply at the direction of the state that the action of the bank is state action for purposes of a suit against the bank? Well, as I was going to say in following up on the evidence in Lugar and as recited in Collins v. Womancare, the Court held that the conduct which qualifies as state action under the Fourteenth Amendment also satisfies Section 1983's under color of state law. Right. I understand that. So this Court was correct in their previous determination. Well, the prior panel didn't really hold that it was under color of state law. They said that your client had sufficiently alleged that the bank had acted under color of state law. Isn't that right? That's correct. Yeah. But what bothers me about this case, assuming that I can just look at the question of state law as I think it ought to be decided, so if the initial panel got it wrong, maybe the district judge is not at liberty to ignore what the panel did, but I think we are if we strongly disagree with what the panel said or implied. I'm trying to figure out whether it is state action when a private entity simply follows the direction of the state and the suit is not against the state for what it directed the private actor to do, but rather the suit is against the private actor on a theory that the state directed it and therefore the private entity is liable under 1983. That's why I have problems because I think our case law says merely acting on behalf of the state and obeying an order of the state, that by itself doesn't make the private entity liable as an under color of state law person under 1983. That's why I have the evidence that they knowingly, willfully, jointly engaged in, acted in concert with, and participated in, which they never denied. Well, I understand all those words, but the only thing the bank did was to obey the order that the California Franchise Board directed to them. They specifically stated in prior order that the defense is no good. I'm sorry, I didn't hear that last. Let me see here. Contrary to First California Bank's contention, California Revenue and Taxation Code Section 18674A does not provide immunity from being in Section 1983 claims. Yes. Let me ask you a separate question, and that is, do you have, on behalf of your client, a separate administrative proceeding against the California Franchise Tax Board? Because it's pretty clear that this Social Security money should not have gone to the Franchise Tax Board and that they owe it to your client one way or the other. Do you have a proceeding going against the Franchise Tax Board? We've applied for proceedings, and they just won't talk to us. I'm sorry? They just won't talk to us. They won't talk to you. They won't respond to your papers? No. Tell them from me they should. Can you bring a legal action in state court against the Franchise Tax Board? We could, but fighting in the state would be too hard. Filing the bank is easier? The bank is the one that held the funds, and they deliberately were notified it was our possible liability, and they still neglected to give Mr. Keenan his opportunity to prove his case. But you haven't filed any suit in state court? No, we haven't filed a suit. This is outside my expertise because it's taxed in the state court and state law and so on, but there may be an administrative procedure you've got to go through first before you can file in state court. This I'm not sure about. It does seem to me that your client has been wrong. That is to say that he had Social Security money in the bank, and the Franchise Tax Board is not entitled to that money. So the only question is where do you go to get it back? Your time is running. Why don't we hear from the bank, and then we'll give you a chance to respond. Good morning, Your Honors. Efrat M. Kogan from Buckhalter Niemer on behalf of Can you speak up, please? I'm sorry. Efrat M. Kogan from Buckhalter Niemer on behalf of First California Bank. First, I think the panel is correct. The prior decision on appeal was on a motion to dismiss, which simply looks at the allegations of the complaint and is not a merits motion. This was a merits motion. Well, we've got an internal process and vocabulary that's opaque to the outsiders, and I'm trying to figure out whether we should change our procedures. The first time this case was decided, it was presented to a screening panel, and I'm not sure whether you're aware quite how that works. There was no argument. The presentation to the screening panel was by a staff attorney in front of three judges who looked at it. Sometimes those cases are decided so quickly that we make a mistake, and we tend to regard law of the case in that circumstance as less strongly binding on the subsequent panel because of the way the first panel decided it. That doesn't mean it's any less binding on the district court, but we tend to treat it as less binding on a subsequent what we call merits panel, which means to say a fully argued panel like this one instead of a screening panel. So merits panel is our jargon for a fully argued case rather than merely decided to quote on the merits. So that's sort of internal jargon. All right. To address the Court's questions and concerns, there is case law in the Ninth Circuit that says that where all a private party does is comply with the law, that private party is not a State actor for purposes of assessing personal liability against that party. In those cases where State action is found based on a private party's compliance with State or Federal law, it's in actions where the plaintiff is suing the State and attempting to create State action through the compulsion the State exercises on the individual. Right. Let me ask you this. As I understand it, Mr. Keenan did notify the bank that these were Social Security funds. Is that correct? I believe he did so, yes. And the bank nonetheless transmits the money to the Franchise Tax Board. Is that correct? That's correct. Even though the slightest inquiry by the bank would have told the bank that this was an invalid levy by the California Franchise Tax Board. The bank could not refuse to comply with the levy under State law. That was not my question. My question was, couldn't the bank, with the slightest of inquiries, have figured out that this was an invalid levy by the Franchise Tax Board in the sense that the Franchise Tax Board is not entitled to the Social Security money? Quite aside from whether you were required to comply with it, you could have figured out that the bank was not entitled to the Social Security money. I don't know how much of an inquiry it would have required, but yes, they could have made it. Twenty minutes maybe? Half an hour? They could have made the inquiry. They could have. The deposits all show that they came from the Social Security Administration. Absolutely. So they could have figured it out. But then the question becomes, what were they to do? Under the law, California's Franchise Tax Board levies are different than the IRS's levy. When the IRS levies money against an employer or against a bank, the IRS says, we are levying all monies except those that are exempt from levy. Give us the money that's exempt from levy. Right. The Franchise Tax Board says, every penny, we don't care what it is, you don't get to resort to legal action, you don't get to withhold it, and if you do, you're liable for it. It would not have taken the bank but the cost of a first-class stamp to mail to the Franchise Tax Board the notice that Mr. Keenan sent to you. Isn't that correct? What effect would that have had? If you mailed the notice that Mr. Keenan sent to you to the Franchise Tax Board, what would that have accomplished? You know, it's an interesting question because I don't know and we can't know. The State provides a procedure for the applicant to make a claim for refund as against the Franchise Tax Board. No, no. I'm not talking refund. I'm talking before you send the money to the Franchise Tax Board so there's nothing yet to refund. I understand. The notice says you have 90 days to let us know that we've made a mistake. You, the bank? No, Mr. Keenan. The question was if you sent the notice that Mr. Keenan sent you to the Franchise Tax Board, what would have happened? I don't know what would have happened. I don't know if our sending it would have been a sufficient claim from him. How about a phone call from you to Mr. Keenan that says, you know, you're not supposed to notify us. You're supposed to notify the Franchise Tax Board. I don't know if that call was made or not. Well, I infer that it wasn't because he never sent anything to the Franchise Tax Board. He never sent anything to the Franchise Tax Board. That's not necessarily because he wasn't told to. What our notice to him said was what the Franchise Tax Board required us to say, and we further said to him, the number of the Franchise Tax Board is up here. It was also in the notice that said so, and we suggest that you contact counsel if you don't understand your rights. The bank was not his fiduciary. The bank had an obligation. I understand all those things. Right. And I have to say that I think when I'm finished with this case, I probably hold that you are not state actors. On the other hand, this doesn't sound like very good customer service to me. He's your client. He's your depositor. The slightest of inquiries would have told you that the Franchise Tax Board is not entitled to this money. He sends you the notice. Anybody paying any attention to that would know that he should have sent it to the Franchise Tax Board. Instead of doing anything like forward to the Franchise Tax Board, and the record's silent, but I infer because he never did anything else, you didn't call him to say, hey, you sent it to the wrong place. You just send the money to the Franchise Tax Board, leaving him to a rather difficult set of remedies. That's why we gave him the notice. And in response to the notice, he responds to you that it's Social Security money. You should have realized that because in terms of your very own notice, he was supposed to send it to the Franchise Tax Board. And let's assume for the moment that we would have sent it to the Franchise Tax Board, and let's assume for the moment that the Franchise Tax Board would have done what the Franchise Tax Board is allegedly now doing, which is taking the position that they get to keep the money. Yeah, I don't know what position they're taking. That's not in the record in front of us. That's true, but there are a lot of things that aren't here in front of us that we're discussing as well. Would that have made us more or less liable? There is a procedure for challenge. It may be a difficult procedure, kind of akin to the procedure that the Federal courts require of applicants when they bring a taking claim. Before they can bring a taking claim in Federal court, they have to pursue administrative remedies in State court. They have to pursue their State court remedy before they can come to Federal court. Sure. What bothers me about this case, it's always harder to get money back from the State once the State has it. And a lot of this difficulty could have been avoided if this Franchise Tax Board had been timely notified by Mr. Keenan that these were Social Security funds. Yes and no. The Franchise Tax Board might still have said, No, we're keeping the money. But that's assuming that the Franchise Tax Board will act in violation of law. The law is very clear. It's not entitled to Social Security funds, and it's very clear that some of the money in the account was Social Security money. All right, but if the Franchise Tax Board could have sent a notice the way the IRS does that says, you know, all we want is money that's exempt from levy. They didn't do that. They sent a notice that said every single solitary penny, and if you don't give it to us, you're liable for it. We didn't initiate the levy order. We didn't pick up the phone and call the Franchise Tax Board and say, Hey, you have a scoff law at the bank, and we know that there's only Social Security funds, but why don't you send us an order? We didn't participate. We didn't conspire. We complied with the law as it stands in California. The law as it stands in California may make it very difficult for taxpayers. Mr. Keenan contends that it violates the supremacy clause, but if what he's doing is attempting to invalidate the procedures that the Franchise Tax Board has initiated directly or indirectly for an action for injunction or for taxes, that violates the Anti-Injunction Act in any event. Okay. Any other questions? Thank you. Yes, you've saved a little time. The case that she was referring to in her brief, I believe, is Sutton, and that was a case of federal laws conflicting. The IRS and the National Naturalization Service require that the employer take a Social Security number from an employee when they hire them for their purposes, and their court ruled that they needed to find a way to respond to that kind of a situation. Sutton quotes or the defense quotes Sutton and says something about Peterson. Peterson is a case in the 1930s, 1963, I believe it was, during the integration process, and the court did not rule anything having to do with the superiority of the federal government over the states. It had to do with federal government against federal government claims, and that's why they had to try to make an exception for that, and they ruled that just in statute alone wouldn't require the employer to defend. Okay. Thank you very much. Thank both sides for their arguments. The case of Keenan v. First California Bank is now submitted for decision. The next case on the argument calendar is United States v. Tucker.
judges: Mills, Fletcher, Rawlinson